UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RODOLFO ORTIZ, )<br>)<br>Petitioner, )<br>v. )<br>)<br>JANET YELLEN, )<br>)<br>Respondent. ) | Civil Action No.  1:22-cv-02797 (UNA) |

## MEMORANDUM OPINION

Petitioner, a federal prisoner currently designated to USP Coleman, has filed a *pro se* petition for mandamus, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  For the reasons explained herein, the court will grant the IFP application and dismiss the petition without prejudice.

The petition is far from a model in clarity.  Petitioner sues the United States Secretary of the Treasury.  He contends that he is "private and registered" and a "secured party/creditor" who is seemingly owed money as a beneficiary of a "private" "security" and "hold harmless and indemnity agreement" that he executed on January 30, 2020, with the Chief Financial Officer ("CFO") of Florida, and that by its terms, he is now owed $100,000,000 from the "Federal Reserves in Atlanta, GA," and United States Department of Treasury. He further alleges that he sent a FOIA request to Florida's CFO, by way of "international mail," but that he has received no response.  He demands an order directing the United States Secretary of the Treasury to comply with the purported contract terms and release the money that he is allegedly owed directly into his prison trust account.  He further demands that the "Federal Reserves" "comply with the Freedom of Information filed thereof on August 13, 2021, and its instructions."

First, FOIA jurisdiction extends only to claims arising from an agency's improper withholding of records requested in accordance with agency rules. *See* 5 U.S.C. §§ 552(a)(3)(A), (4)(B)(1); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980)). "An agency's obligation to disclose records is not triggered, however, until a proper request has been received." *Pickering-George v. Registration Unit, DEA/DOJ*, 553 F. Supp. 2d 3, 5 (D.D.C. 2008). A proper request shall reasonably describe the requested records and be made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed. *Marcusse v. U.S. Dep't of Justice Office of Info. Policy*, 959 F. Supp. 2d 130, 140 (D.D.C. 2013) (quoting 5 U.S.C. § 552(a)(3)(A)).

Here, there is no indication that an agency owed petitioner an obligation under the FOIA. The petition is devoid of any details regarding the FOIA request sufficient enough to satisfy a colorable claim, including, the actual content of the request, the information sought, the specific address or custodian to whom the FOIA request was directed, or any other enlightening information, *e.g,* a copy of the actual request submitted. And it appears that petitioner's "FOIA request" was not, in fact, one for records. Instead, petitioner seemingly attempted to compel the Federal Reserve to issue him a payment, which is relief that falls well outside of the limited parameters of the FOIA. *See Pickering-George*, 959 F. Supp. 2d at 4; *id.* at n.1 (finding that the "exclusive nature" of the FOIA precludes circuitous attempts at other forms of relief, including mandamus and damages awards). Moreover, petitioner has sued an individual respondent, but the FOIA authorizes suit against federal agencies only and does not create a right of action against individual officials or employees of an agency. *United States Dep't of Navy,* 732 F. Supp. 240, 241 (D.D.C. 1990).

Second, it appears that the crux of petitioner's claims arises from his purported entitlement to some sort of settlement proceeds from the federal government. This court cannot exercise jurisdiction over such a claim. The Tucker Act, 28 U.S.C. § 1491, gives the United States Court of Federal Claims jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. This grant of jurisdiction to the Court of Federal Claims is "exclusive," but "only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the [Court of Federal Claims]." *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988). Absent other grounds for jurisdiction, a claim is subject to the Tucker Act's stringent jurisdictional restrictions if, in whole or in part, it explicitly or "in essence" seeks more than $10,000 in monetary relief from the federal government. *See Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967–68 (D.C. Cir. 1982); *Heller, Ehrman, White & MacAuliffe v. Babbitt*, 992 F.2d 360, 363 (D.C. Cir. 1993) (a plaintiff "may not, by creatively framing their complaint, circumvent a congressional grant of exclusive jurisdiction.").

Petitioner explicitly alleges that he is owed well beyond the $10,000 jurisdictional limit. Accordingly, this court cannot exercise subject matter jurisdiction and petitioner must seek recourse, if any, in the Court of Federal Claims. *See Hinnant v. Merrit*, 2005 WL 692075, No. 04-1915 (D.D.C. Mar. 24, 2005) (finding that case which raised a FOIA claim, combined with a breach of contract claim, belonged in the Court of Federal Claims because, ultimately, the "plain effect of a favorable judgment would be financial gain for the plaintiff") (quoting *Bliss v. England*, 208 F. Supp. 2d 2, 6 (D.D.C. 2002)).

Finally, petitioner has not shown that he is entitled to mandamus relief. The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). A petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *Id.* Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted. Petitioner addresses none of these elements, and thus fails to meet his burden.

For all of these reasons, petitioner as failed to state a viable claim under the FOIA or for mandamus relief, *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), and has failed to establish jurisdiction over his breach of contract claims, *see* Fed. R. Civ. P. 12(h)(3). Consequently, the petition, ECF No. 1, is dismissed without prejudice. A separate order accompanies this memorandum opinion.

DATE: October 27, 2022 _____ s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge